**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 26 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALAN BARCELONA, | No. 16-15375 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02389-TLN-KJN |
| v. | |
| STATE OF CALIFORNIA DEPARTMENT OF JUSTICE; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted September 15, 2017
San Francisco, California

Before: SCHROEDER and FRIEDLAND, Circuit Judges, and WHALEY,[**] District Judge.

Appellant Alan Barcelona, a peace officer employed by the California

Department of Justice ("DOJ"), was the subject of an internal DOJ investigation

that ultimately ended without adverse consequences. Barcelona alleges that DOJ's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

actions during the investigation violated his rights under the First Amendment and the California Public Safety Officers Procedural Bill of Rights Act ("POBR"). With respect to the First Amendment, Barcelona seeks injunctive relief—but not damages—under 42 U.S.C. § 1983, and attorney's fees under 42 U.S.C. § 1988. With respect to the POBR, he seeks injunctive and declaratory relief as well as damages. The district court granted DOJ's motion for summary judgment on the merits of both the federal and state law claims.

As an initial matter, Barcelona lacks standing to assert a claim for equitable relief under either the First Amendment or the POBR. Barcelona cannot properly challenge DOJ's investigation policies "where there is no showing of any real or immediate threat that [he] will be wronged" by such policies again. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). While Barcelona seeks broad equitable relief requiring DOJ to change its practices, he has presented no evidence that he is frequently the subject of investigation or that he is likely to be the subject of investigation again in the future. He has thus failed to "show an actual or imminent injury to a legally protected interest." *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010). Accordingly, we vacate the district court's denial on the merits of Barcelona's requests for injunctive and declaratory relief, and remand with instructions to dismiss the equitable relief claims without prejudice for lack of standing.

Because Barcelona also seeks damages under the POBR, there was and still is jurisdiction over this claim. Barcelona contends that DOJ violated the POBR when it prohibited a designated witness from representing him during his interrogation. Specifically, California Government Code § 3303(i) provides that a public safety officer has the right to a representative of his or her choice during an interrogation, but that "representative shall not be a person subject to the same investigation." DOJ argues that this includes witnesses to an investigation; Barcelona disagrees.

When evaluating an issue of California law, "this court 'predict[s] how the highest [California] court would decide the issue.'" *Garcia v. PacifiCare of Cal., Inc.*, 750 F.3d 1113, 1116 (9th Cir. 2014) (quoting *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1126 (9th Cir. 2005)) (alterations in original). Following the California Supreme Court's decision in *Pasadena Police Officers Ass'n v. City of Pasadena*, 797 P.2d 608, 616 (Cal. 1990), the district court properly concluded that the statute precludes a witness to an investigation from serving as a representative in that same investigation. Accordingly, DOJ did not violate the POBR.

For the reasons discussed above, we (1) **VACATE** the district court's denial of Barcelona's claims for injunctive and declaratory relief and **REMAND** with instructions to dismiss without prejudice for lack of standing; and (2) **AFFIRM** the

district court's grant of summary judgment in favor of DOJ on Barcelona's claim

for damages under the POBR.